**PENN-OHIO POWER & LIGHT CO v WATT et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 11, 1932

Harrington, DeFord, Huxley & Smith, Youngstown, for plaintiff in error.

John Ruffalo, Youngstown, for defendant in error.

FARR, J.

Here was a situation well known, fully understood by the mother and the child, as far as understanding may be attributed to a child of tender years. No doubt she was the average child, knew the surroundings and with senses as keenly alert, perhaps, as a grown-up could well be. She says she didn't hear the approach of the car, but with these two lines of railway in the middle of the paved street, with ten or twelve feet of brick pavement on either side, and on this east side twenty-seven inches of ashes, and with a car of this size, that is in itself by its movement a warning of its approach, in a way, because it is unthinkable that the car would be entirely noiseless in its movements, and with the mother saying she heard something upon the track that indicated the approach of the car, and just at that point something quite important is stated in the testimony of the mother. Upon her examination this question was asked:

"Q. So that when you felt either through vibration or some slight noise or something that you felt there was something coming?
A. Yes.
Q. You reached for your child?
A. Surely.
Q. And just about the time you reached for your child the street car was there and struck her?
A. Yes."

Why did the mother reach for the child at that moment if the child was not then in a zone of danger? It is testimony that speaks rather loudly that thoughtlessly, perhaps, and unfortunately, the little girl had entered a zone of danger. Otherwise, why should the mother have reached for her? The mother says the child was about an arm's length in front of her and to the left, and that would be in the direction of the car, indicating by the testimony of the mother that perhaps the little one had gotten too close to the car track to be safe, because when the warning was given for some reason she reached for her child, the instinctive act of a mother under such circumstances, so that with all these surroundings and with this street on the east side, ten to twelve feet wide, and some three feet of ashes at the curb, that would, regardless of the water, leave perhaps six or eight feet in the center of the roadway unoccupied as a zone of safety.

Really, upon a consideration of this record it is difficult to conclude that there was not some negligence upon the part of the mother and the child at the time the injury resulted. Scarcely can one understand why, with all the opportunity to avoid the dangers incident to railroad tracks, they would not have done so under these circumstances. It seems indisputable from the record in its present state that the judgment is not against the weight of the evidence. Therefore, the conclusion is that it is against the weight of the evidence.

It is assigned for error that the trial court erred in refusing to sustain motions at the close of plaintiff's evidence and all of the evidence for a directed verdict. This does not appeal to the court as being possessed of virtue, because the evidence was properly submitted to the consideration of the jury.

It is also claimed that the verdict is excessive, which is not important in view of the conclusion reached, except to say in passing that having in mind the testimony of Dr. McElhaney this court would not reverse the judgment on the ground of ex-

cessive verdict, because he says there is a diminution in the extension of the arm. If the meaning of that statement is understood, it is that the arm by reason of the fracture, although it is said there was a recovery, free movement of the arm, yet a reviewing court would not reverse the judgment on that ground.

Another assignment for error is that in the charge of the trial court, page 193, it is said to the jury:

"But, as I have said, the motorman or driver of the vehicle is not bound to anticipate that a child standing or walking near the street car track will suddenly run into a position of peril in front of him, and if you find that the plaintiff did so run into a position of peril on or near the tracks, and the motorman afterwards saw her, and the motorman could not avoid injuring her by the exercise of reasonable care, the defendant would not be liable."

It is contended here that the trial court used the word "run," that the jury might well have understood that unless the child ran into a position of danger that the plaintiff below would have a right to recover. This paragraph of the charge is subject to criticism. In fact, it is erroneous, and for the two reasons given, first that the judgment is against the weight of the evidence, and error in the charge of the trial court, the judgment is reversed and the case remanded.

ROBERTS and POLLOCK, JJ, concur.